# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Zina Price, individ. & as p/n/g of D.P., a minor<br>343 S. 4th Street<br>Steeltown, PA 17113<br><br>         Plaintiffs,<br><br>         v.<br><br>Milton Hershey School<br>112 North Pine Street<br>Middletown, PA 17057<br><br>         And<br><br>Phil Grimm,<br>individ. & in his official capacity as<br>Student Home Affiliate at<br>Milton Hershey School<br>112 North Pine Street<br>Middletown, PA 17057<br><br>         And<br><br>Mr. and Mrs. Piarulli,<br>individ. & as h/w<br>590 Crest Lane<br>Hershey, PA 17033<br><br>         And<br><br>John Does, 1-10<br><br>         Defendants. | NO.:<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

**I. Jurisdiction**

1. Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. §1331; supplemental jurisdiction over Plaintiff s' state law claims is granted by 28 U.S.C. §1367.

1

2.       Venue lies in this judicial district, in that the events that gave rise to this claim occurred here.

**II.  Parties**

3.       Plaintiff, Zina Price, is an adult individual and is also a parent and natural guardian of Plaintiff, D.P., a minor, all residing at the above captioned address.

4.       Defendant, Milton Hershey School ("MHS"), is cost-free, private, coeducational home and school for pre-Kindergarten through 12th grade students from families of low income, limited resources and social need operating in the Commonwealth of Pennsylvania.

5.       Defendant, Phil Grimm, at all times material, was and/or is a Student Home Affiliate for the Milton Hershey School, and at all times relevant was the primary legal official responsible for any policy, custom, practice and other decision governing actions relevant to this matter.

6.       Defendants, Mr. and Mrs. Piarulli (collectively, "Piarullis"), at all times material, was and/or are adult individuals residing at the aforementioned address, and at all times relevant hereto were operating the Student Home where Plaintiff, D.P. was living, while enrolled in Intercession at Milton Hershey School.

   a.   The foregoing Defendants, Milton Hershey School, Grimm and the Piarullis shall be collectively referred to as "School Defendants."

7.       Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon information and belief, Defendants, John Does, were principals, supervisors, agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

**III. Facts**

8. In or around April 2014, Plaintiff, D.P. was enrolled at Milton Hershey School.

9. As part of her attendance at Milton Hershey School, there is a boarding component in which students live in a "Student Home," operated by married adults who look after the children outside of school hours.

10. On April 2, 2014, Defendant, Milton Hershey School sent a letter to Plaintiff, Zina Price, notifying her that D.P. would be required to participate in Intercession.

11. Intercession was described as intensive small group intervention to facilitate the modification of negative behavior for certain students.

12. This particular Intercession commenced on April 16, 2014 and concluded on April 19, 2014.

13. At all times material, D.P. was assigned to a Student Home operated by the Piarullis.

14. Intercession was mandatory and D.P. was ordered to attend, which she did.

15. The reason for D.P.'s assignment to the Intercession was for an accumulation of rules violations relating to relatively minor infractions, including failure to clean her room (and other infractions of that nature).

16. When D.P. arrived at Intercession, upon information and belief, there were approximately eighty-nine (89) students assigned to it.

17. On April 18, 2014, Mr. Piarulli and other John Doe Defendants organized a punishment whereby students, including D.P. were ordered to repeatedly run up a grassy hill, holding logs over their heads.

18. After running several times, D.P. felt a sharp pain in her shoulder and immediate loss of strength in her shoulder.

19. At that time, she immediately dropped the log and cried out to Mr. Piarulli.

20. She explained to Mr. Piarulli that she could not continue because she had injured her shoulder.

21. Defendant Piarulli screamed at D.P. that she was "faking" injury, to pick up her log and continue the punishment.

22. D.P. refused to continue because of her injury, and Piarulli continued screaming at her and kicked her out of Intecession.

23. D.P. called her mother who came to pick her up.

24. When D.P.'s mother, Zina Price came to pick her up on April 18, 2014, several hours after the incident, D.P. was still in significant pain.

25. Upon arriving home, Zina Price took D.P. to a doctor where it was confirmed that D.P. sustained a torn rotator cuff and torn shoulder tendon as the result of the punishment administered by Defendants at Intercession.

26. On April 24, 2014, Defendant Grimm sent a letter to Plaintiffs advising that D.P.'s enrollment at Milton Hershey School was terminated for her failure to complete the Intercession.

27. At all times material, Grimm was a Student Home Life Affiliate charged with supervision of the Piarullis' student home.

28. At all times material, Grimm and the Piarullis were employees of the Milton Hershey School

29. At all times material, Defendants stood *in loco parentis* of Plaintiff, Zina Price.

30. At all times material, Defendants had a duty to care for the health and safety of D.P. while under Defendants' care.

31. At all times material, the corporal punishment directed toward Plaintiff and the other students (forcing the students to run up a hill with logs over their heads under threat of expulsion for refusal) was arbitrary, capricious and wholly unrelated to the goal of educating and/or otherwise properly disciplining students.

**COUNT I**
**CIVIL RIGHTS VIOLATION**
**(4th and 14th Amendments – Procedural and Substantive Due Process)**

32. Plaintiff incorporates paragraphs 1-33 as if same were fully set forth at length herein.

33. As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiff, D.P. was deprived of her right as a school student to personal security and bodily integrity.

34. As a direct and proximate result of Defendants' conduct, as set forth above, committed under color of state law, Plaintiff, Zina Price was deprived of her rights as parent to be free from governmental intrusion into their rights to rearing her child.

35. As a result, Plaintiffs suffered and continues to suffer harm, in violation of their rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, by 42 U.S.C. §§1983, et seq., including, but not limited to, Defendants' state-created danger and failure to protect.

36. D.P. had the right to be free from the corporal punishment meted out by and through Defendants.

37. Plaintiff, Zina Price had a right to be advised of the nature and character of the corporal punishment at Intercession.

38. The School Defendants violated those rights by ordering the Plaintiff, D.P. to run up a grassy hill carrying a log over her head without the consent of the Plaintiff, Zina Price.

39. The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiffs, that imposition of punitive damages are warranted.

## COUNT II
### CIVIL RIGHTS VIOLATION – *MONELL*

40. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

41. Prior to the events described herein, Defendants', developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons attending Milton Hershey School, which caused violations of Plaintiffs' constitutional and other rights, more specifically set forth above, at length.

42. Specifically, Defendants' failed to adequately and properly supervise and train in various aspects of constitutional rights of students in violation of the laws of the United States, Commonwealth of Pennsylvania, and otherwise.

43. The actions and conduct of Defendants was caused by their failure, with deliberate indifference, to properly train, control or supervise their employees with respect to their procedures for ensuring the safety and protection of their students.

44. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

## COUNT III
### NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiffs incorporate paragraphs 1-46 as if same were fully set forth at length herein.

46. Defendants' aforementioned conduct was intentional, extreme and outrageous.

47. As a direct and proximate result of Defendants' conduct, as set forth above, Plaintiffs suffered emotional distress.

48. The actions described herein of Defendants were so malicious, intentional, and displayed with a reckless indifference to the rights, safety and well being of the Plaintiff, that imposition of punitive damages are warranted.

## COUNT IV
## NEGLIGENCE

49. Plaintiff incorporate paragraphs 1 through 50 as if fully set forth at length herein.

50. At all times material hereto and as set forth above, Defendants had a duty to Plaintiffs.

51. Plaintiff was injured due to the negligence, carelessness and recklessness of Defendants, their agents, servants, workmen and employees, Defendants, John Does.

52. As a direct result of the aforesaid negligence, carelessness and recklessness of the Defendants, its agents, servants, workmen and employees, Plaintiffs sustained severe, serious and permanent personal injuries as fully set forth above.

## COUNT V
## ASSAULT AND BATTERY/EXCESSIVE FORCE, 42 U.S.C. §1983, ET SEQ.

53. Plaintiff incorporates paragraphs 1 through 54 as if fully set forth at length herein.

54. As set forth above, Defendants, their agents, servants, workmen and employees, conduct in ordering Plaintiff, D.P. to run up a hill carrying a log over her head constitutes a harmful and offensive contact upon Plaintiff, D.P.

55. As a direct and proximate result of the harmful and offensive physical contact, Plaintiff was injured as set forth above.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess

of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

   a. Statutory damages;
   b. Compensatory damages, including;
      i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;
      ii. Attorneys' fees and expenses, and costs of suit.
   c. Injunctive relief, including;
      i. Monitoring and training.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiffs