## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZINA PRICE, Individ. & as p/n/g of
D.P., a minor

        Plaintiffs,

        vs.


MILTON HERSHEY SCHOOL;
PHIL GRIMM, Individ. & in his
official capacity as Student Home
Affiliate at Milton Hershey School;
MR. AND MRS. PIARULLI, Individ.
& as h/w; and JOHN DOES 1-10,

        Defendants.

NO. 1:15-cv-02216-WWC

HON. WILLIAM W. CALDWELL

JURY TRIAL DEMANDED

ELECTRONICALLY FILED

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS COMPLAINT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff Zina Price ("Plaintiff") filed her Complaint on November 19,

2015, asserting federal constitutional and civil rights claims, and state law claims

against a private school, Milton Hershey School (the "School"), and private

individuals, Philip Grimm, Brian Piarulli, Kristin Piarulli, and John Does 1-10,

who are the School's employees (collectively, "School Defendants").[1]  The

Complaint's constitutional and civil rights claims are premised on the assertion that

---

[1] The Complaint refers to "Phil Grimm" and "Mr. and Mrs. Piarulli."  In this
motion and brief, the School Defendants use their full names.

the School is a "state actor" under federal law.  Plaintiff acknowledges, however,

that the School is a "private" school and she has not, and could not, allege any

facts that would support a claim that any School Defendant is a state actor.

Accordingly, Plaintiff's federal claims must be dismissed under Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted, and her state law claims must also be dismissed because the Court, in

accordance with Third Circuit precedent, must decline to exercise supplemental

jurisdiction.[2]

## I.    <u>STATEMENT OF FACTS AND PROCEDURAL HISTORY</u>

On November 19, 2015, Plaintiff filed a Complaint against the School

Defendants alleging federal constitutional and civil rights violations under the 4th

and 14th Amendments (Counts I and II) and 42 U.S.C. § 1983 (Count V), as well as

state law claims for negligent and intentional infliction of emotional distress

(Count III) and negligence (Count IV).  Plaintiff alleges that the School and its

---

[2] The School Defendants recognize that where a motion to dismiss is based on legally insufficiency, dismissal is usually granted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and not under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991).  Dismissal under Fed. R. Civ. P. 12(b)(1) is proper where the claim appears to be "immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Id*. at 1409.  Although the Complaint can be dismissed on the basis of Fed. R. Civ. P. 12(b)(6), it can also be dismissed under Fed. R. Civ. P. 12(b)(1) because the alleged jurisdictional basis is "wholly insubstantial and frivolous," especially given Plaintiff's attorney's past experience with this issue. *See infra* n.8.

employees violated certain constitutional rights when her minor child, D.P., who was a student at the School, was allegedly injured while running up a hill as a participant in a program meant to "facilitate the modification of negative behavior for certain students." Complaint at ¶ 11.[3] Plaintiff does not make any factual allegations demonstrating that the School Defendants were acting under color of state law or were state actors. Rather, Plaintiff admits that the School is a "private" cost-free, coeducational school for "pre-kindergarten through 12th grade students from families of low income, limited resources and social need." Complaint at ¶ 4. Because Plaintiff has not pled any facts whatsoever to show that the School Defendants are state actors (and they are not), the School Defendants filed a motion to dismiss on December 23, 2015 (Doc. 6), and now file this brief in support of their motion pursuant to Local Rule 7.5.

## II.    STATEMENT OF QUESTIONS INVOLVED

1.    Whether Plaintiff's federal constitutional and civil rights claims (Counts I, II and V) should be dismissed because Plaintiff has failed to allege facts sufficient to show that the School Defendants are "state actors" and, moreover, admits that the School is private?

**SUGGESTED ANSWER:  Yes.**

---

[3] Although Plaintiff's allegations are not factually accurate, the School Defendants, as they must at this procedural stage, do not contest those facts for purposes of their motion.

2.      Whether Plaintiff's state law claims (Counts III and IV) should

be dismissed because the Court must decline to exercise supplemental jurisdiction?

**SUGGESTED ANSWER:  Yes.**

## III.   ARGUMENT

### A.      Standard of Review.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should

be dismissed when the facts pled and any reasonable inferences therefrom are

legally insufficient to support the relief sought.  *Pennsylvania ex. rel. Zimmerman*

*v. Pepsico, Inc.,* 836 F.2d 173, 179 (3d Cir. 1988).  In addressing a motion to

dismiss a complaint under Rule 12(b)(6), the Court must accept all factual

allegations as true, construe the complaint in the light most favorable to the

plaintiff, and determine whether under any reasonable reading of the complaint the

plaintiff may be entitled to relief.  *Morse v. Lower Merion Sch. Dist.,* 132 F.3d

902, 906 (3d Cir. 1997) (citations omitted).[4]

A court, however, does not need to credit a complaint's "bald

assertions" or "legal conclusions" when deciding a motion to dismiss.  *Id*.

Additionally, a court need not "assume that a ... plaintiff can prove facts that the ...

---

[4] On a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings and the plaintiff has the burden of persuasion to convince the court it has jurisdiction.  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).  Here, there are no facts that would allow the finding of jurisdiction.

plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).  Rather, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).  In other words, a complaint must do more than allege the plaintiff's entitlement to relief; a complaint has to "show" such an entitlement with its facts. *Id*.  As explained by the Supreme Court, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged − but it has not 'show[n]'− that the 'pleader is entitled to relief.'"  *Id.* (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

**B.  Counts I, II And V Should Be Dismissed Because Plaintiff Has Failed To Allege Facts Sufficient To Show That The School Defendants Are "State Actors" And Admits That The School Is Private.[5]**

Even construing the Complaint in the light most favorable to Plaintiff, Counts I, II and V of the Complaint fail to state a viable claim against the School Defendants.  These Counts all assert violations of "rights under the laws and Constitution of the United States of America, in particular the Fourth and Fourteenth Amendments thereto, by 42 U.S.C. §§ 1983, et seq."  Complaint at ¶

---

[5] To the extent that Plaintiff's Count V "Assault and Battery/Excessive Force, 42 U.S.C. § 1983, et seq." is an attempt to assert a state law claim, it should be dismissed with Plaintiff's other state law claims as set forth below; *see infra* Section III.C.

35.  Essentially, Plaintiff seeks to sue a private school for allegedly violating federal constitutional and civil rights.  To maintain such claims, however, Plaintiff must demonstrate that the violating conduct was performed under color of state law.  That is, Plaintiff must show that the School and its employees were acting as state actors.  Plaintiff has not done that in her Complaint, nor can she.

To state a civil rights claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). "Under color of law" and "state action" are interpreted identically and a plaintiff seeking to hold a person responsible for a civil rights violation must show that the person was a "state actor." *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009); *Richardson-Graves v. Empire Beauty Sch.,* No. 13-00525, 2015 U.S. Dist. LEXIS 34239 (M.D.Pa. Feb. 25, 2015) *(adopted by* 2015 U.S. Dist. LEXIS 33448 (M.D.Pa. March 18, 2015)).[6]

The Third Circuit has outlined three tests generated by Supreme Court jurisprudence to determine whether state action exists:

> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

---

[6] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit A.

-6-

whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose,* 589 F.3d at 646. State action may be found if there is such a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005).

Here, Plaintiff's Complaint is devoid of any facts to support even an inference that the School Defendants were acting under color of state law. Plaintiff has not asserted, nor could she, any facts sufficient to meet any of the three tests used to determine whether state action exists. In fact, Plaintiff admits in paragraph 4 that the School is a "private" educational institution. Complaint at ¶ 4. Given this admission, even if Plaintiff were to attempt to assert "state actor" facts, Plaintiff's claim would still fail as a matter of law.[7]

The law is clear: activities of a private school, such as the School here, do not constitute "state action." *See Rendell-Baker v. Kohn,* 457 U.S. 830 (1982) (holding private school was not a state actor); *Robert S. v. Stetson School,* 256 F.3d 159 (3d Cir. 2001) (same). *See also Richardson-Graves,* 2015 U.S. Dist.

---

[7] For this reason, an amended complaint would be futile. *See Lorenz v. CSX Corp.,* 1 F.3d 1406 (3d Cir. 1993) (noting that the district court need not permit a curative amendment if such an amendment would be futile).

LEXIS 34239 (*adopted by* 2015 U.S. Dist. LEXIS 33448 (M.D. Pa. Mar. 18, 2015)) (recommending grant of motion to dismiss civil rights claims against private school where the plaintiff failed to allege facts showing that the school was acting under color of law).

In *Rendell-Baker*, the Supreme Court held that New Perspectives, a private school that was regulated by the state, was not a state actor because the challenged conduct "was not compelled or even influenced by any state regulation," and because the school was not performing a function that was "traditionally the exclusive prerogative of the state." *Rendell-Baker,* 457 U.S. at 840-42. The Court explained that the fact that "a private entity performs a function which serves the public does not make its acts state action." *Id*. at 842.

Moreover and most tellingly, courts have held that the School and its employees are not "state actors" for purposes of 42 U.S.C. § 1983.[8] *See, e.g., Banks-Bennett v. O'Brien,* 293 Fed. Appx. 108, 109 (3d Cir. 2008) (upholding district court's decision to dismiss complaint on grounds that plaintiff "did not

---

[8] Plaintiff's counsel is well aware of the governing law that the School and its employees are not "state actors" under the U.S. Constitution or Section 1983. In March 2014, he signed and filed a complaint against the School and several of its employees in this Court, *Trina Howze vs. Milton Hershey School, et al.*, No. 2014-cv-004555 (M.D. Pa.), asserting similar jurisdictional and legal claims. He immediately withdrew that complaint after receiving a Rule 11 "safe harbor" letter explaining to him the legal error in asserting constitutional and civil rights claims against the School and its employees.

provide any indication that the challenged conduct [of Milton Hershey School's president] occurred under color of state law.");[9] *Ecudero-Aviles v. Milton Hershey Sch.,* No. 11-1858, 2012 U.S. Dist. LEXIS 4271, *9 (M.D. Pa. Jan. 13, 2012) ("Defendant Milton Hershey School is a private school, and Plaintiffs have failed to allege facts to support a finding that it was acting under color of state law" even though "Defendant Milton Hershey School is regulated by the state, and performs a function that serves the public.").[10]

In addition, Plaintiff's reference to the Fourth Amendment in Count I fails to state a viable claim.  The Fourth Amendment to the U.S. Constitution prohibits unreasonable searches and seizures, but none of the allegations of the Complaint is related in any way to a search or seizure.  *See United States v. Jacobsen,* 466 U.S. 109, 113-14 n.4 (1984) (explaining that under the Fourth Amendment, a "search" occurs when an expectation of privacy that society is prepared to consider reasonable is infringed, and a "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.).  Rather, Plaintiff's allegations stem from Plaintiff's participation in a remedial program to help students with behavioral issues in

---

[9] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit B.

[10] Pursuant to Local Rule 7.8(a), a copy of this opinion is attached hereto as Exhibit C.

which she allegedly had to "run up a grassy hill carrying a log over her head." Complaint at ¶ 38.[11]  Plaintiff's assertion that the Fourth Amendment was violated has no legal or factual basis.

Plaintiff's reference to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), in Count II is also specious.  *Monell* involved the action of a local government.  Again, as admitted by Plaintiff, the School is not a local government, municipality or state agency, but is a "private, co-educational" institution, and for this reason the principles of "state actor" liability described in *Monell* and its progeny have no application to it.

The essential element of state action is entirely absent in this case. Plaintiff has not, and could not, allege facts from which it could reasonably be inferred that the School Defendants acted under color of state law.  Accordingly, Counts I, II and V, which purport to raise constitutional and civil rights claims that require a threshold showing of state action, fail to state a claim upon which relief can be granted and should be dismissed.

### C. Counts III And IV Should Be Dismissed Because The Court Must Decline To Exercise Supplemental Jurisdiction.

In addition to the federal civil rights claims, Plaintiff's Complaint asserts state law claims for negligent and intentional infliction of emotional distress

---

[11] Again, Plaintiff's version of the facts is not accurate, but it is not contested at this procedural stage.

(Count III) and negligence (Count IV).  In cases involving federal claims and appended state law claims, the Third Circuit has instructed:

> Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.

*Hedges v. Musco,* 204 F.3d 109, 123 (3d Cir. 2000).

Because the School Defendants are not "state actors" subject to liability under the U.S. Constitution or 42 U.S.C. § 1983, this Court does not have original jurisdiction by virtue of 28 U.S.C. § 1331, as there is no federal question.[12] Because this Court does not have original jurisdiction, under Third Circuit precedent it cannot exercise supplemental jurisdiction over Plaintiff's purported state law claims.  There is nothing unique about this case and Plaintiff has not alleged facts to show that considerations of "judicial economy, convenience, and fairness" would provide an affirmative justification for exercising supplemental jurisdiction after the Court disposes of the federal claims.  For this reason, Counts III and IV should also be dismissed.  *See Richardson-Graves,* 2015 U.S. Dist. LEXIS 34239 (*adopted by* 2015 U.S. Dist. LEXIS 33448 (M.D. Pa. March 18, 2015)) (holding that because Section 1983 claims must be dismissed for failure to

---

[12] Plaintiff admits that she and the School Defendants are all residents of Pennsylvania.  Complaint at ¶¶ 3-6.

allege state action, the Court should decline to exercise supplemental jurisdiction over state claims, which should also be dismissed).

## IV.    CONCLUSION

Plaintiff's Complaint is devoid of facts alleging "state action" by the School Defendants.  In fact, Plaintiff admits that the School is "private." Plaintiff's federal constitutional and civil rights claims against a school that is undeniably "private" fail as a matter of law.  Because the federal claims are not viable, the Court must also decline to exercise supplemental jurisdiction over the remaining state law claims, and these claims must be dismissed as well.

For all of the foregoing reasons, the School Defendants request that the Court dismiss Plaintiff's Complaint in its entirety.

-13-

Respectfully submitted,

*s/ Justin G. Weber*
Thomas B. Schmidt, III (PA 19196)
Justin G. Weber (PA 89266)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
schmidtt@pepperlaw.com
weberjg@pepperlaw.com

Dated:  January 5, 2016                    *Attorneys for Defendants*

-13-

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I served a copy of the foregoing *Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint* through the Court's ECF, addressed as follows:

> Matthew B. Weisberg, Esquire
> Weisberg Law
> 7 South Morton Avenue
> Morton, PA  19070
>
> *Attorney for Plaintiff*

> *s/ Justin G. Weber*
> Justin G. Weber (PA 89266)